Filed 12/19/13  P. v. Heydaragha CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073375 |
| v. | (Super. Ct. No. 12F05431) |
| KAZEN HEYDARAGHA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kazen Heydaragha has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief, arguing he qualified for sentencing under Assembly Bill No. 109 (AB 109)[1] and the trial court should have granted his

---

[1]     Assembly Bill No. 109 (2011 Reg. Sess.) refers to the Realignment Act, which enacted, among other things, Penal Code section 1170, subdivision (h).  (See Stats. 2011, ch. 15, § 450.)

request to substitute appointed counsel.  He also requests a more lenient sentence, including drug addiction treatment.  We address these issues, in addition to undertaking a review of the record as required by *Wende*, and affirm the judgment.

## BACKGROUND

On August 11, 2012, defendant, who was on searchable probation, was stopped for a Vehicle Code violation.  In a search, the officer found a baggie with methamphetamine residue on defendant's person, two ounces of methamphetamine in a paper bag in the back seat, a can with a hidden compartment that contained methamphetamine residue, and a cell phone.  The phone rang, the officer answered it and, in the officer's opinion, the caller was attempting to purchase one-eighth of an ounce of methamphetamine.  There were also text messages on the phone indicating drug-related transactions.

Officers then searched defendant's house.  In the common areas, officers found marijuana, a plastic bottle and several spoons containing methamphetamine residue, a digital scale, empty baggies, and an empty magazine for a nine-millimeter Glock handgun.  In the master bedroom, officers found a full box of 20 live rounds of .223-caliber rifle ammunition, a plastic bottle containing 6.5 grams of methamphetamine, a baggy containing 5.25 grams of methamphetamine, a glass dish containing methamphetamine residue, a digital scale, several baggies, plastic pieces and another plastic bottle containing methamphetamine residue, 17 tablets of Sudafed, and a plastic container containing three hydromorphone pills.

Defendant was charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and unlawful possession of ammunition by a felon (Pen. Code, § 30305,

2

subd. (a)(1)).[2] It was further alleged that, with respect to the drug-related charges, defendant had two prior convictions for possession of a controlled substance for sale and one prior conviction for transportation of a controlled substance. (Health & Saf. Code, § 11370.2, subd. (c).)

On February 20, 2013, defendant pled no contest to unlawful possession of ammunition and possession of methamphetamine for sale, and admitted the two prior drug convictions. In exchange for his plea, it was agreed he would serve the stipulated term of eight years in state prison and the remaining charges would be dismissed. Thereafter, in accordance with the plea agreement, the trial court sentenced defendant to serve the midterm of two years for possession of methamphetamine for sale, a consecutive three years each for the two prior convictions, and a concurrent two years for possession of ammunition, for a total of eight years in state prison. The trial court also ordered various fines and fees, and awarded defendant 62 actual days and 62 conduct days, for a total of 124 days of presentence custody credit.

Defendant appeals. The trial court granted his request for a certificate of probable cause. (§ 1237.5.)

DISCUSSION

I

*Request for Sentencing under AB 109*

Defendant contends he qualified for sentencing under AB 109. By this, we assume defendant means to argue the trial court should have ordered his term be served in local custody pursuant section 1170, subdivision (h). He is, however, incorrect

---

[2]    Undesignated statutory references are to the Penal Code.

3

because his violation of section 30305 (unlawful possession of ammunition by a felon) renders him eligible for state prison.

Section 18 states in pertinent part: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170." (§ 18, subd. (a).)

Section 30305 does not state the crime is punished pursuant to section 1170, subdivision (h). Section 30305, subdivision (a)(2), provides: "A violation of this subdivision is punishable by imprisonment in a county jail not to exceed one year *or in the state prison*, by a fine not to exceed one thousand dollars ($1,000), or by both the fine and imprisonment." (Italics added.) Because a violation of section 30305, subdivision (a)(2), can be punished as either a felony or a misdemeanor, it is referred to as a "wobbler" offense. (*People v. Municipal Court* (*Kong*) (1981) 122 Cal.App.3d 176, 179, fn. 3 [wobblers are "those offenses punishable either as felonies or misdemeanors, in the discretion of the court"].) Here, the trial court exercised its discretion and treated the violation as a felony. As a felony, the violation is punished by imprisonment in state prison for a term of 16 months, or two or three years. We conclude the trial court correctly sentenced defendant to state prison for a concurrent term of two years.

Additionally, "[w]hen a court imposes a concurrent term of imprisonment and imprisonment for one of the crimes is required to be served in the state prison, the term for all crimes shall be served in the state prison, even if the term for any other offense specifies imprisonment in a county jail pursuant to subdivision (h) of Section 1170." (§ 669, subd. (d).) Based on defendant's felony violation of section 30305 and concurrent prison term, the term for all of defendant's crimes must be served in state prison.

4

## II

### *Request for Substitute Appointed Counsel*

Defendant complains his *Marsden*[3] motions were not granted.  We conclude the trial court did not err in denying defendant's motions for new appointed counsel.

"A defendant is entitled to have appointed counsel discharged upon a showing that counsel is not providing adequate representation or that counsel and defendant have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.  [Citations.]" (*People v. Jones* (2003) 29 Cal.4th 1229, 1244-1245.)  We review the trial court's denial of defendant's motion to substitute counsel under the "deferential abuse of discretion standard." (*Id*. at p. 1245.)  " 'Denial of the motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would "substantially impair" the defendant's right to assistance of counsel.' [Citations.]" (*People v. Hart* (1999) 20 Cal.4th 546, 603.)

At the hearings on defendant's *Marsden* motions, the trial court gave defendant ample opportunity to specify his concerns.[4]  Defendant complained his trial counsel did not believe in his innocence, counsel did not file a motion to preclude the arresting officer's testimony at the preliminary hearing based on the officer's limited time on the force, although defendant had admittedly been driving the car, counsel had not investigated to whom the car was registered, the prosecution's offer kept getting worse as time went on, and he and counsel do not get along.

The trial court also asked trial counsel to state his experience and explain the work he had performed on behalf of defendant.  Counsel did so and responded fully to each of

---

[3]     *People v. Marsden* (1970) 2 Cal.3d 118.

[4]     The *Marsden* hearings were held two weeks apart and by two different trial court judges.

defendant's allegations. In doing so, he also explained he did object to the officer's qualifications but the officer had POST certification, which makes him qualified to testify.[5] He also stated it was frustrating, although not unexpected, that the offers kept getting worse, he was prepared to proceed to trial if defendant did not accept an offer, and he did not believe his relationship with defendant had broken down.

With respect to defendant's concern about the adequacy of counsel's investigation and trial preparation, the record contains no colorable claim that counsel's performance was deficient. Further, the fact defendant lacked confidence in or did not get along with counsel did not entitle him to new counsel. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1092 ["Although defendant's frustration with counsel was clearly evident, the record reflects substantial investigative efforts by [counsel] and his anticipated readiness to proceed"].) We conclude the trial court did not abuse its discretion in denying defendant's motions.

### III

### *Request for More Lenient Sentence*

Defendant also pleads for a more lenient sentence, to include drug addiction treatment. He emphasizes his employment history, his single prior prison term, and the lack of previous treatment options to address his drug addiction.

Although these are matters generally appropriate for the *trial* court to consider at sentencing, we note defendant entered his plea in exchange for a *stipulated* term. The acceptance of a stipulated sentence precludes him from challenging the trial court's failure to impose a more lenient one. (*People v. Chatmon* (2005) 129 Cal.App.4th 771, 772-774.)

---

[5] POST certification refers to the California Commission of Peace Officers Standards and Training.

6

## IV

### *Wende Review*

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


                                                HOCH    , J.


We concur:


ROBIE   , Acting P. J.


BUTZ   , J.

7