Filed 10/4/16  P. v. Stevens CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES CHARLES STEVENS,<br><br>        Defendant and Appellant. | B268146<br><br>(Los Angeles County<br>Super. Ct. No. NA101531) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant, James Charles Stevens, appeals from an order denying his Penal Code section 1170.18, subdivision (a) resentencing petition.[1]  As will be noted, at no time was a defendant charged with nor convicted of offenses which rendered him eligible for resentencing.  And, he is estopped to contest his state prison sentence because he entered into a sentence bargain.  We affirm the order.

## II.  BACKGROUND

On November 4, 2014, California voters adopted Proposition 47, including section 1170.18.  (Prop. 47, § 14, as approved by voters, Gen. Elec. (Nov. 4, 2014).)  On March 31, 2015, after section 1170.18 was adopted, defendant committed several offenses.  In the amended felony complaint, defendant was charged with theft in violation of section 484e, subdivision (d), acquiring or retaining possession of access cards (count 2, 3 and 4).  In addition, defendant was charged in count 5 with forgery relating to an item exceeding $950 in value.  Further, the amended felony complaint alleges defendant had previously been convicted of a serious felony, a violation of section 245, subdivision (a)(1).  (§§ 667, subd. (e)(2)(C), 1170.18, subd. (i); 1192.7, subd. (c)(31).)  Finally, the amended felony complaint alleges that defendant had previously served nine prison terms  (§ 667.5, subd. (b).)

On May 14, 2015, defendant appeared before Judge Judith L. Meyer.  Defendant entered into a sentence bargain with Judge Meyer.  He agreed to serve five years in *prison*.  Judge Meyer stated defendant faced from 14 to 15 years in potential custody if convicted on all counts.  Judge Meyer stated he would be required to serve 80 percent of the term if convicted on all the charged counts in prison.  In exchange for the five year prison term, defendant pled guilty to all the counts and admitted all the prior serious felony and prison term allegations.  Defendant, without objection, was then sentenced to state prison for five years.

---

[1] Further statutory references are to the Penal Code.

2

On September 9, 2015, defendant filed a section 1170.18, subdivision (a) resentencing petition as to his three convictions under section 484e, subdivision (d) (counts 2, 3 and 4). Judge Laura L. Laesecke denied the resentencing petition. Judge Laesecke ruled: "The felony conviction is for an offense that does not qualify under Penal Code § 1170.18 (a) or (f). All counts."

## III. DISCUSSION

We affirm the denial order. First, the plain language of section 1170.18, subdivision (i) states defendant was at all times pertinent to this proceeding ineligible for resentencing. (*In re Lucas* (2012) 53 Cal.4th 839, 849; *People v. Lawrence* (2000) 24 Cal.4th 219, 230-231) Section 1170.18, subdivision (i) states, "The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667. . . ." The amended felony complaint alleges defendant was previously convicted of violating section 245, subdivision (a)(1), a serious felony. It bears emphasis, the amended felony complaint expressly states that the prior aggravated assault conviction involved a *serious* felony. Defendant expressly admitted that he had previously been convicted of violating section 245, subdivision (a)(1) as charged in the felony complaint. Thus, defendant admitted that he had previously been convicted of a serious felony. Hence, defendant was ineligible for resentencing. (Pen. Code, §§ 1170.18, subd. (i), 1192.7, subd. (c)(31); see *People v. Banuelos* (2005) 130 Cal.App.4th 601, 605; *People v. Haykel* (2002) 96 Cal.App.4th 146, 149-150; *People v. Winters* (2001) 93 Cal.App.4th 273, 280; *Williams v. Superior Court* (2001) 92 Cal.App.4th 612, 617.)

Second, on May 14, 2015, defendant entered into a sentence bargain with Judge Meyer. He agreed to serve five years in state *prison*. Judge Meyer stated defendant faced from 14 to 15 years. Judge Meyer stated he would be required to serve 80 percent of the term in prison if convicted on all the charged counts if the case proceeded to trial. Further, defendant was advised he intentionally would be subject to postrelease supervision if convicted as charged. (§ 3000.08, subd. (b); see *People v. Nuckles* (2013)

3

56 Cal.4th 601, 608, fn. 4.)  In exchange for the five year prison term, defendant pled guilty to all the counts and admitted all the prior serious felony and prison term allegations.  Thus, defendant is estopped to challenge the terms of his sentence bargain with Judge Meyer which required he serve five years in *prison*.  (*People v. Hester* (2000) 22 Cal.4th 290, 294-295; *People v. Jones* (2013) 217 Cal.App.4th 735, 743-746; *People v. Chatmon* (2005) 129 Cal.App.4th 771, 772-773; *People v. Vera* (2004) 122 Cal.App.4th 970, 983; *People v. Cole* (2001) 88 Cal.App.4th 850, 872-873; *People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123; *People v. Ellis* (1987) 195 Cal.App.3d 334, 347-345.) Judge Laesecke correctly denied defendant's section 1170.18, subdivision (a) resentencing petition.

IV.  DISPOSITION

The order denying defendant's Penal Code section 1170.18, subdivision (a) resentencing petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.



I concur:



RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

BAKER, J., Concurring


Defendant James Stevens committed the offense of conviction on March 31, 2015, *after* Proposition 47, the Safe Neighborhood and Schools Act, took effect on November 5, 2014.  Penal Code section 1170.18, added by Proposition 47, provides no authorization for defendant to file a petition to recall his sentence; subdivision (a) only authorizes a person to file such a petition if he or she "would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense . . . ."  (See also Penal Code, § 1170.18, subd. (f).)  Because Proposition 47 was in effect at the time of defendant's offense, defendant's petition should have been dismissed.


BAKER, J.