[Crim. No. 13129. Fourth Dist., Div. One. Sept. 29, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
DUANE CREE, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kenyon C. Keller, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Harley D. Mayfield, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, J.**—Duane Cree was charged by information with murder (Pen. Code, § 187),[1] robbery (§ 211), assault with a deadly weapon, a knife (§ 245, subd. (a)), and burglary (§ 459). All offenses were alleged to have occurred on August 13, 1979. It was further alleged Cree personally used a firearm, a rifle, in the commission of each offense (§ 12022.5). After a mistrial, an amended information was filed, changing from knife to rifle the assault with a deadly weapon charge and adding the same offense upon an additional victim. Pursuant to a plea bargain, Cree pleaded guilty to voluntary manslaughter (§ 192, subd. 1), robbery, and both assaults, while admitting the use allegation accompanying the manslaughter and one of the assaults. The remaining charge and use allegations were then dismissed. The bargain provided for a maximum possible sentence of eleven years, eight months, which the district attorney would recommend and to which Cree was ultimately sentenced, including eight months attributable to the use enhancement to the assault with a deadly weapon.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

██ Cree appeals, contending the imposition of the additional eight-month consecutive sentence for firearm use during the commission of the assault with a deadly weapon was error and must be stricken. (See §§ 667.5, subd. (c), and 1170.1, subd. (a).; *People* v. *Harvey* (1979) 25 Cal.3d 754, 761 [159 Cal.Rptr. 696, 602 P.2d 396]; *People* v. *Savala* (1981) 116 Cal.App.3d 41, 54-61 [171 Cal.Rptr. 882]; *People* v. *Childs* (1980) 112 Cal.App.3d 374, 388 [169 Cal.Rptr. 183]; *People* v. *Harvey* (1980) 112 Cal.App.3d 132, 137-139 [169 Cal.Rptr. 153]; *People* v. *Cuevas* (1980) 111 Cal.App.3d 189, 197-200 [168 Cal.Rptr. 519]; *People* v. *Fulton* (1980) 109 Cal.App.3d 777, 782, 783 [167 Cal.Rptr. 436]; *People* v. *Matthews* (1980) 108 Cal.App.3d 793, 796 [167 Cal. Rptr. 8].)

The Attorney General responds by arguing that since Cree voluntarily and specifically agreed the district attorney could recommend to the court that he serve a maximum prison term of 11 2/3 years, Cree should now be estopped from asserting the impropriety of that sentence.

██ The question of whether to apply estoppel requires inquiry into the importance of the error on the parties and the courts examined in the light of relevant public policy considerations. (See *In re Dupper* (1976) 57 Cal.App.3d 118, 123 [128 Cal.Rptr. 898].) Ordinarily, absent strong policy considerations, "[a] litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' [Citation.]" (*Id.*, at p. 123.)

██ Here, although the bargain was struck more than a year after the Supreme Court decided *People* v. *Harvey, supra*, 25 Cal.3d 754 [*Harvey I*], neither the terms of the written guilty plea form nor the transcript of the proceedings make reference to that holding. Moreover, if the bargain impliedly included Cree's appreciation and understanding of *Harvey I*, presumably it also included his reasonable expectation that the court would sentence in accordance with the law which at that time also included *Harvey II* [no relation] (*People* v. *Harvey, supra*, 112 Cal.App.3d 132). *Harvey II* says, "[I]n computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law." (*Id.*, at p. 139.) Accordingly, after balancing the integrity of the judicial process against Cree's alleged trifling with the court, we conclude estoppel may not be applied where the record does not factually support a *Harvey I* waiver

and where to do so would effectuate the imposition of an unlawful sentence.

■ The Attorney General requests, however, that if Cree is allowed to "breach" his plea bargain, then the People should be afforded the option of either permitting the judgment to stand with the sentence modified to 11 years or reinstating all counts in the amended information within 30 days after this opinion becomes final. We decline to do so.

First, the literal interpretation of Cree's bargain does not include his agreement to the imposition of an 11 2/3-year sentence. He agreed only that 11 2/3 years was the maximum sentence which could be imposed and the district attorney could recommend that sentence to the court. The bargain did not include his promise that he would forego urging a lawful or lesser sentence. Second, this is not a case which can be remanded for resentencing to restructure the sentence in order to attain the maximum permitted by the plea bargain because as the Attorney General concedes, the maximum sentence for the offenses to which Cree entered pleas of guilty cannot be restructured to exceed 11 years. Third, unlike *People v. Collins* (1978) 21 Cal.3d 208, 214-215 [145 Cal.Rptr. 686, 577 P.2d 1026], Cree does not gain total relief from his vulnerability to sentence. *Harvey I* may have affected his bargain, but that bargain is not fundamentally altered by our modifying the sentence in accordance with *Harvey II*.

*Disposition*

The abstract of judgment is modified to strike the eight-month use enhancement to the assault with a deadly weapon reducing total sentence to eleven years. Except as so modified, the judgment is affirmed.

Cologne, Acting P. J., and Work, J., concurred.