[Crim. No. 41635. Second Dist., Div. Two. Mar. 23, 1982.]

In re RODNEY LEE BLESSING on Habeas Corpus.

## COUNSEL

Quin Denvir, State Public Defender, and J. Courtney Shevelson, Deputy State Public Defender, for Petitioner.

George Deukmejian, Attorney General, and Pamela P. Cvitan, Deputy Attorney General, for Respondent.

## OPINION

**COMPTON, J.**—Rodney Lee Blessing petitions for a writ of habeas corpus and, in essence, asks that we reduce his aggregate term of imprisonment by the four years that resulted from his having used a firearm in the commission of consecutive subordinate offenses. We affirmed the original judgment in *People* v. *Blessing* (1979) 94 Cal.App.3d 835 [155 Cal.Rptr. 780].[1] Petitioner is no stranger to the ploy of seeking to retain the favorable aspects of his negotiated disposition while at the same time attempting to jettison its unfavorable aspects. (*People* v. *Blessing, supra*, p. 839, fn. 3.) We have concluded, however, that the granting of the requested relief at this juncture would work a serious injustice to the People. Consequently we declare the parties' rights and deny the petition. (*In re Walters* (1975) 15 Cal.3d 738, 744 [126 Cal.Rptr. 239, 543 P.2d 607].)

As indicated in *People* v. *Blessing, supra*, 94 Cal.App.3d 835, petitioner was convicted pursuant to a negotiated disposition and sentenced to state prison on May 31, 1978. The components of the sixteen-and-one-third year aggregate term are as follows:

---

[1] We observe that our recitation of the total unstayed aggregate term as 16 2/3 years was inadvertent and that the true original term imposed was 16 1/3 years.

Count III, felonious assault upon a police officer with use of a firearm, middle four-year term and two years for firearm use (principal term) . . . . . . . . . . . . . . 6 yrs.

Count VI, felonious assault upon a police officer with use of a firearm, one-third of the middle four-year term (one year, four months), plus one-third of the two years for firearm use (eight months) . . . . . . . . . . . . . 2 yrs.

Count I, robbery, one-third of the middle three-year term (one year), plus one-third of the two years for firearm use (eight months) . . . . . . . . . . . . 1 yr., 8 mos.

Count V, robbery, one-third of the middle three-year term (one year), plus one-third of the two years for firearm use (eight months) . . . . . . . . . . . . 1 yr., 8 mos.

Count IX, robbery, one-third of the middle three-year term (one year), plus one-third of the two years for firearm use (eight months) . . . . . . . . . . . . 1 yr., 8 mos.

Count X, robbery, one-third of the middle three-year term (one year), plus one-third of the two years for firearm use (eight months) . . . . . . . . . . . . 1 yr., 8 mos.

Count XII, robbery, one-third of the middle three-year term (one year), plus one-third of the two years for firearm use (eight months) . . . . . . . . . . . . 1 yr., 8 mos.

 16-1/3 years

Pursuant to this negotiated disposition, five additional counts of robbery with use of firearm allegations appended thereto were dimissed. Also, in another then pending matter, it was agreed that a concurrent term of imprisonment would be imposed.[2] (*People* v. *Blessing, supra,* 94 Cal.App.3d 835, at pp. 837, fn. 1, 839, fn. 3.) Thus it is at once appar-

---

[2]The sentencing transcript of May 31, 1978, refers to the concurrent term imposed in Los Angeles Superior Court case No. A521790 wherein appellant was convicted by plea of robbery and admitted having used a firearm in the commission of the offense. This offense was committed prior to the operative date of the determinate sentence law, July 1, 1977, and to avoid problems attendant with the ISL-DSL overlap, the court stayed execution of the entire sentence as to this case.

ent that the People made substantial concessions when they bargained for "sentence vulnerability" of 16 1/3 years. (*People v. Olken* (1981) 125 Cal.App.3d 1064, 1066 [178 Cal.Rptr. 497].

■ Thereafter, in *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], hereinafter *Harvey*, our Supreme Court held that punishment for use of a firearm as to consecutive subordinate offenses was precluded unless the offenses were "violent felonies" expressly mentioned by name in Penal Code section 667.5, subdivision (c). Petitioner's offenses, felonious assault upon a police officer, and robbery are not specifically so listed and, therefore, punishment for his having used a firearm during the commission of each of the consecutive subordinate offenses, totalling four years (six offenses, each of which has an eight-month enhancement), is precluded.

"... '[I]n computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law.' ..." (*People v. Cree* (1981) 123 Cal.App.3d 1013, 1016 [177 Cal.Rptr. 54]; *People v. Harvey* (1980) 112 Cal.App.3d 132, 139 [169 Cal.Rptr. 153]; see also *People v. Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289]; *People v. Olken, supra*, at p. 1067.)

■ Petitioner is not now estopped to attack this aspect of the negotiated disposition. Unlike his prior attempt to diminish sentence vulnerability by reason of the "single occasion rule" of *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23] (see *People v. Blessing, supra*, 94 Cal.App.3d at pp. 839-841), his instant request is based upon our Supreme Court's *subsequent* decision in *Harvey* and, therefore, cannot be deemed fraudulent. (Cf. *In re Troglin* (1975) 51 Cal.App.3d 434, 438-439 [124 Cal.Rptr. 234]; *People v. Welge* (1980) 101 Cal.App.3d 616, 624 [161 Cal.Rptr. 686]; see also *People v. Jones* (1981) 124 Cal.App.3d 749, 754-755 [177 Cal.Rptr. 605].) In an identical situation, it has been held that a defendant is not estopped to seek potential benefits which might accrue by reason of *Harvey*. (*People v. Cree, supra*, 123 Cal.App.3d 1013, 1016.) However, such fact does not, by any means, compel the conclusion that four years should simply be deleted from the otherwise lawful portion of petitioner's aggregate term.

"The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment...." (*People v. Collins* (1978)

21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]; *People v. Olken, supra*, 125 Cal.App.3d 1064, 1066.) When the instant disposition was negotiated, the provisions of Penal Code sections 667.5, subdivision (c), and 1170.1, subdivision (a), providing that consecutive subordinate terms could carry Penal Code section 12022.5 enhancements at the one-third rate, appeared plain enough. We cannot fault the prosecutor or the sentencing court for relying upon these statutes in calculating sentence vulnerability. Even the majority in *Harvey* at page 761, opined that "[t]he question is close and subtle. . . ." The People here cannot and should not be chargeable with what must be considered the unanticipated decision of *Harvey* which drastically and fundamentally reduced their reasonable expectations in the premises.

The question then becomes, what is the proper remedy to safeguard the rights of both petitioner and the People? As to the petitioner the solution is easy. In no event may any resentencing proceeding result in an aggregate term of imprisonment in excess of the 16 1/3 years contemplated by the negotiated disposition and initially imposed by the sentencing court. (*People v. Collins, supra*, 21 Cal.3d 208, 216-217.)

To safeguard the rights of the People, we have concluded that even though petitioner does not here seek "*total* relief from his vulnerability to sentence" (*People v. Collins, supra*, 21 Cal.3d 208, 215; italics added), relief similar to that fashioned for the People in *People v. Collins, supra*, is appropriate. There, "external events" in the form of an ". . . intervening act of the Legislature in decriminalizing the conduct for which [defendant] was convicted" resulted in reversal but also reinstatement of 14 dismissed counts. (*People v. Collins, supra*, at pp. 215-216.) Here, "external events" in the form of a Supreme Court interpretation of legislation drastically and fundamentally altered the character of the negotiated disposition. Thus, the People are entitled to withdraw therefrom and have the dismissed counts revived, if they so desire. (*People v. Collins, supra*, at p. 215.)

We need not at this time order the judgment vacated ourselves. It is sufficient to declare that upon the People's motion to withdraw from the negotiated disposition, made within 60 days from the finality of this opinion, the trial court should order the judgment vacated and proceed in a manner consistent with this opinion.[3] If the People do not so move

---

[3] We are mindful that the prosecution's case is over four years old but it is nevertheless quite conceivable that the People can carry their burden of proof and secure the requisite number of convictions which might aggregate to sixteen and one-third years.

the trial court is ordered to reduce the aggregate term of 16 1/3 years to 12 1/3 years.

Having declared the rights of the parties, the order to show cause is discharged and the petition is denied.

Roth, P. J., and Beach, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 20, 1982.