Filed 6/9/15  P. v. Villa CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RECINOS VILLA,<br><br>    Defendant and Appellant. | 2d Crim. No. B260672<br>(Super. Ct. No. 2012023527)<br>(Ventura County) |

Pursuant to a plea agreement, appellant Anthony Recinos Villa pled guilty in three cases and was sentenced to an aggregate term of three years four months in prison.  Following passage of Proposition 47, the Safe Neighborhoods and Schools Act, appellant petitioned for resentencing in two of these cases.  The trial court granted the requested relief but simultaneously increased his sentence in the third case, at issue here, so that the overall duration of his confinement would remain the same.  Appellant contends that this was unauthorized.  We disagree and affirm.

FACTS

We briefly summarize the facts of the offense from the probation officer's report.  Appellant and the mother of his three-year-old daughter (mother) were arguing about money.  He slapped her four times across the face.  As she tried to run away, he grabbed her by the hair and scratched her on the back of her neck.  She ran off, but appellant found her hiding in the bathroom and dragged her back to the dining room.  He

punched her in the eye. When she began to yell for help, he placed her on her back, pushed his knee into her stomach, and began choking her with both hands. He stopped when their daughter, standing next to them, cried, "No papi!"

A few weeks later, mother tried to leave her house with a friend. Appellant stopped her, stating, "You're not going anywhere, you bitch." He sat down on her lap to keep her seated on the couch. He told his friend Muggs to retrieve a gun and a knife. Muggs returned with a gun in his waistband and handed appellant a six-inch knife. Appellant poked mother with it in the back of her arm while they were arguing. Mother's friend ran out and called the police. When officers arrived, they ordered mother to leave the residence with her daughter. Mother could not comply because appellant was holding her against her will. Mother and her daughter eventually left the residence after a SWAT team arrived.

PROCEDURAL BACKGROUND

An information charged appellant with one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] two counts of corporal injury to a cohabitant (§ 273.5, subd. (a)), and one count of false imprisonment by violence (§ 236). Pursuant to a negotiated agreement, appellant pled guilty to the assault charge and one of the corporal injury charges. The trial court suspended imposition of the sentence and placed appellant on formal probation for three years with terms and conditions including that he serve 270 days in county jail.

Appellant's probation was terminated unsuccessfully after repeated violations. In each of two separate cases (numbers 2014019230 & 2014020757), appellant pled guilty to one count of felony drug possession (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike. In a "package resolution of the three matters," the trial court sentenced appellant to an aggregate term of three years four months in prison. This was calculated as follows: In one of the drug possession cases, number 2014020757, appellant was sentenced to the low term of 16 months, doubled to

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

32 months because of the strike. In the other drug possession case, number 2014019230, appellant was sentenced consecutively to eight months (one third of the mid-term of two years) after the trial court struck the prior strike. In the instant domestic violence case, appellant was sentenced to the low term of two years for the assault conviction and the low term of two years for the corporal injury conviction, each to run concurrent to the sentence in case number 2014020757.

Subsequently, appellant sought resentencing under Proposition 47 in the two drug cases. Because "[i]t was an agreed-upon disposition based on all the charges and all the credits," the trial court also resentenced appellant in the instant case so that his total period of confinement would remain the same, although he would serve the final four months in county jail rather than in state prison. The trial court achieved this result as follows: The two-year assault sentence in the instant case was deemed to be the principal term. Appellant was resentenced on the corporal injury conviction to a consecutive subordinate term of one year (one-third the mid-term of three years). In one of the drug cases, number 2014020757, the trial court resentenced appellant to a consecutive 120 days. In the other drug case, number 2014019230, it ran the eight-month sentence concurrent rather than consecutive.

## DISCUSSION

Appellant contends that Proposition 47 does not authorize resentencing in the instant case. No one disputes that the sentences for assault and corporal injury are outside the scope of Proposition 47. The real issue is whether, after appellant was entitled to be resentenced on some of his convictions due to a change in the law, the trial court was authorized to resentence him on all of his convictions in order to keep the overall length of his bargained-for sentence the same. It is of no moment that his convictions arose from three separate cases. (§ 1170.1, subd. (a).) "'The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment . . . .' [Citations.]" (*In re Blessing* (1982) 129 Cal.App.3d 1026, 1030-1031.)

3

When a change in the law or some other external event undermines the prosecution's expected benefits from a negotiated plea agreement, the trial court "must fashion a remedy that restores to the state the benefits for which it bargained without depriving defendant of the bargain to which he remains entitled." (*People v. Collins* (1978) 21 Cal.3d 208, 216.) "[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun." (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) In such cases, the only viable remedy may be to allow the prosecution to withdraw from the plea agreement. (See *In re Blessing*, *supra*, 129 Cal.App.3d at p. 1031.)

Within 120 days of committing a defendant to state prison, however, the trial court on its own motion may "reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence so long as the new aggregate sentence does not exceed the original sentence." (*People v. Johnson* (2004) 32 Cal.4th 260, 265, italics omitted; § 1170, subd. (d)(1).) "[S]ection 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 463.)

Appellant was originally sentenced on August 28, 2014. After the voters approved Proposition 47 in November, appellant petitioned to have his sentence recalled and to be resentenced with his drug convictions treated as misdemeanors. (§ 1170.18.) Ninety-eight days after appellant was committed to prison, the trial court granted Proposition 47 relief and, on its own motion, adjusted the term imposed for the domestic violence convictions so that his aggregate sentence remained the same.[2] The change in the law brought about by Proposition 47 that affected the parties' bargained-for benefits

---

[2] Appellant was resentenced on December 4, 2014. At oral argument, appellant's counsel incorrectly asserted that the resentencing hearing occurred on January 4, 2015, outside of section 1170's 120-day window.

4

from the plea agreement was a valid reason for the trial court to exercise its resentencing discretion under section 1170.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and Ashley Jones, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.