Filed 2/5/16  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063383 |
| v. | (Super.Ct.No. INF10002067) |
| MARIO CARLOS GARCIA, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.
Affirmed.

Michael. A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District
Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and William A. Meronek, Deputy Public
Defender, for Defendant and Respondent.

1

STATEMENT OF FACTS

In 2010 defendant and respondent Mario Carlos Garcia was charged with two counts of robbery (Pen. Code, § 211),[1] petty theft with a prior (§§ 484/666), and commercial burglary (§ 459). The information also alleged that Garcia had been convicted of one prior strike (§ 667, subds. (c) and (e)(1)) and had served five prior prison terms within the meaning of section 667.5, subdivision (b).

The evidence introduced at the preliminary hearing showed that defendant was observed inside a market placing containers of shampoo inside his clothing, and then leaving the store without paying for them. When confronted by the store manager, he threw his bicycle at the latter, striking him on the right hand, and fled. Defendant was eventually stopped after he attempted to push away a security guard, and police were called. He had no cash on his person with which he could have purchased the shampoo. The trial court held defendant to answer on the filed charges, as well as a new charge of second degree burglary.

Several months after the information was filed, defendant pleaded guilty to petty theft with a prior and admitted both the strike and two prior prison terms in return for an agreed sentence of eight years.

In 2014 the electorate enacted Proposition 47, which included section 1170.18. In brief, that statute notes that the enacted proposition reduced specified offenses to misdemeanors, and provides that persons "serving a sentence for a conviction, *whether by*

---

[1] All subsequent statutory references are to the Penal Code.

2

*trial or plea . . .*" (§ 1170.18, subd. (a), italics added) which was a felony at the time of the conviction, but which is now a misdemeanor, may apply for resentencing as misdemeanants. If the person meets the qualifications set out in the statute, resentencing is the presumptive result.[2]

Garcia therefore filed a petition for recall and resentencing, as his conviction for violating sections 484/666 is covered by section 1170.18. The People objected and sought to have the plea agreement voided with reinstatement of all charges. After considering briefs filed by both sides and oral argument, the trial court granted Garcia's petition and resentenced him to a misdemeanor term of 364 days. It denied the People's request to reinstate charges. This appeal followed.[3]

---

[2] The relevant text of the statute is "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act. [¶] (b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

[3] We are aware of the recent decision by Division 5 of the Second District in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244, petition for review pending, S231489, filed December 28, 2015, in which that court concluded that a defendant who seeks resentencing under section 1170.18 repudiates the plea bargain, entitling the People to reinstate all charges. Because a petition for review is pending at this time, we do not discuss the decision in detail other than to note our disagreement.

DISCUSSION

The People challenge the trial court's ruling on multiple grounds. First, that Garcia is ineligible for resentencing because he agreed to an eight year term; second, that he failed to meet his burden of showing eligibility; and third, that by seeking resentencing he "breached" the plea bargain and the People are entitled to reinstate all charges. We disagree.

Much of the heavy lifting has been done by the First District in a case recently certified for publication, and our first duty is to determine whether we agree with the decision. We do.

In *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 (*T.W.*) a minor who had been charged with both robbery (§ 211) and receiving stolen property (§ 496) admitted the latter offense and the robbery allegation was dismissed. (*T.W.*, at p. 649.) The minor later moved for modification under Proposition 47 and the trial court denied the request. The Court of Appeal had no difficulty in concluding that the minor qualified under the plain language of section 1170.18. After citing to the general rules on statutory construction (see *People v. Briceno* (2004) 34 Cal.4th 451, 459) the court commented that "section 1170.18 clearly and unambiguously states, 'A person currently serving a sentence for a conviction, *whether by trial or plea*' of eligible felonies may petition for resentencing to a misdemeanor." (*T.W.*, at p. 652.) As receiving stolen property had been reclassified under Proposition 47, the minor was eligible.

The court in *T.W.* referred to the intent behind the adoption of Proposition 47 to reduce penalties for nonserious property and drug offenses and to free up prison space for serious offenders. With respect to the argument made by the People here, that the result deprives the People of the benefit of the bargain, the court merely noted in a footnote that parties to a plea bargain must accept that the bargain may be affected by future changes in the law. (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)[4]

We agree with the court that decided *T.W.* that the language of section 1170.18 is clear and controls the result. The drafters obviously understood that convictions may result from a contested jury trial *or* from a negotiated plea, and chose to make no distinction between the two for the purposes of eligibility where the conviction entered was for an offense now constituting a misdemeanor.

The People point out that other courts have sometimes authorized reinstatement of proceedings at square one when subsequent decisions or legislation resulted in the evisceration of a plea bargain. They rely on *People v. Collins* (1978) 21 Cal.3d 208

---

[4] Usually, of course, this rule is applied to the detriment of the *defendant*. In *Doe v. Harris*, for example, changes in the law subsequent to his plea made the defendant's obligations under sex offender registration more onerous and/or invasive. In *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068 the defendant's plea subjected him to increased penalties as a "strike" offender due to subsequent legislation. And in *In re Lowe* (2005) 130 Cal.App.4th 1405, 1414, 1425, to give one further example, the Governor's new power to review grants of parole under section 3041.2 was held to apply to an inmate who had entered a plea of guilty before that section was enacted.

As the cases cited by the People demonstrate, this unsympathetic approach is sometimes abandoned when it is the *People* that are left holding the bag after a change in the law. However, our decision is not governed by any sense of "sauce for the goose is sauce for the gander," but by the language of the statute before us.

(*Collins*), in which the defendant, charged with multiple offenses, pleaded guilty to oral copulation under the then-effective version of section 288a. Prior to sentencing, however, that statute was repealed and re-enacted, with the new statute prohibiting only forcible oral copulation. The holding of the court was that the sentence was improper because by the time sentence was imposed, defendant's conduct was not a crime. However, defendant was not entitled to escape all penal vulnerability because the People's consent to the bargain was premised on the potential of incarceration. Accordingly, the People were entitled to reinstate all charges with the proviso that his potential sentence could not exceed that previously imposed. (*Collins*, at pp. 215-216.)

The People also cite *In re Blessing* (1982) 129 Cal.App.3d 1026, in which an agreed sentence, as it turned out due to subsequent judicial decisions, was illegally computed. Following *Collins*, the court held that (1) petitioner could not be sentenced to more than the agreed term; (2) the People could elect to reinstate charges so that the agreed term could, in theory, be legally reached if the appropriate convictions were entered; and (3) if the People did not elect to reinstate charges, the illegal four years would simply be lopped off defendant's term.

However, neither of these cases involved a new statutory procedure broadly applicable to defendants but which does not include exceptions or alternatives. In our view the distinction between *T.W.*, *People v. Berry* (2015) 235 Cal.App.4th 1417, 1426-1428 (*Berry*), this case, and the cases cited by the People is that the statutes involved in the cases on which we rely, specifically provide that the ameliorative provisions apply to

6

convictions suffered by plea. We cannot assume that the drafters and the electorate were ignorant of the fact that convictions suffered by plea often involve negotiation, compromise, and the dismissal of charges.[5] We therefore must assume that the lack of a remedy such as that fashioned in *Collins* was intentional.[6]

The People then rely on *People v. Arata* (2007) 151 Cal.App.4th 778 (*Arata*) to support the claim that for Garcia to serve a specific prison term as a felon was in fact an element of the agreement. This reliance is misplaced. In *Arata,* the defendant was arguably affected by a change to section 1203.4 enacted subsequent to his plea, which made him ineligible to seek to have his case dismissed once he successfully completed probation. The court held that the new statute could not be applied to him because, under the specific circumstances of the case, it appeared that the possibility of expungement and dismissal was factually a motivation for the defendant's plea. (*Arata*, at p. 787.) We

---

[5] In some cases a plea may foreclose the filing of additional charges or allegations if the People, as part of the bargain, agree not to do so.

[6] The result in *T.W.* and this case is also consistent with *Berry, supra*, 235 Cal.App.4th at pp. 1426-1428, review denied July 22, 2015, which involved a "third strike" defendant seeking resentencing under section 1170.126. Analogous to this case, the defendant had been charged with offenses and allegations which would have made him ineligible for resentencing, but his plea was only to an offense which made him eligible. The court in *Berry* refused to allow the trial court to go beyond the current conviction and examine the entire record for evidence of disqualification. The court adhered strictly to the language of the statute, which allowed "third strikers" to be resentenced as "second strikers" if their current sentence would have been eligible for the more lenient provisions of Proposition 36 had they been originally sentenced after the adoption of that initiative. That enactment, of course, reserved indeterminate life sentences for "third strikers" whose *current* offense falls into one of several specified more serious categories. The *Berry* court holds that if the current conviction is for an eligible offense, then the defendant is eligible. Period.

7

note that in *Doe v. Harris*, *supra*, 57 Cal.4th at p. 73 the court noted *Arata*, distinguished it, and declined to comment on it.[7]

Furthermore, the argument once again proves too much. The People could *always* argue that defendant's submission to a felony conviction and prison term was an implicit term of the bargain. It might even often be true, at least to the extent that the People assumed this would be the result. But to allow the People to reinstate charges as a remedy for this implicit "breach of the bargain" would, again, eviscerate section 1170.18. The only defendants who could take advantage of the statute would be those as to whom no other charges had been filed *or* were potentially available for filing. Nor do we accept the proposition that Garcia implicitly promised to serve a felony sentence regardless of any ameliorative changes in the law not then within the contemplation of either party.

The mandate of Proposition 47 is straightforward: to resentence those who suffered relatively minor felony convictions as misdemeanants with the effect of reducing their sentences. The voters made no provision for redress of any case of "unfairness" to the People. For the courts to modify the enactment by creating classes of defendants not entitled to the full benefit of the statute would be improper.[8] Furthermore, we would

---

[7] Instead, in *Doe v. Harris* the court cited with approval a case very similar to *Arata*, *People v. Acuna* (2000) 77 Cal.App.4th 1056, 1062, in which the court found that the defendant was not entitled to relief because the availability of expungement was not made expressly a part of the bargain.

[8] Nothing in this opinion should be taken as an affirmative endorsement of the wisdom of Proposition 47 as written.

hesitate to find that the electorate contemplated the return of potentially thousands of cases to the overburdened trial courts for further proceedings.

Finally, the People make two arguments which may be very briefly considered and rejected. First, they cast their basic argument in the light that by seeking resentencing, defendant himself has breached the plea bargain. But just as we cannot find an implicit agreement to waive the benefits of any future legislation, so we must conclude that where the electorate has offered a benefit for which defendant qualifies, he cannot be charged with any breach for seeking it. It was not an implicit term of the bargain that he not pursue any relief for which he later became eligible, and it certainly was not an express term.

The People then claim that defendant failed to carry his burden of showing eligibility. They argue that defendant must prove that his actual conduct in the matter constituted only a misdemeanor and that the trial court has the obligation to consider "the underlying facts of a defendant's offenses." We agree that the defendant bears the burden of showing eligibility (see *People v. Sherow* (2015) 239 Cal.App.4th 875, 879), but the statute requires only that the defendant be serving a felony sentence for an offense which is now a misdemeanor. That is the only "eligibility requirement."

The People's contention, in fact, borders on the absurd. They apparently contemplate mini-trials in every matter brought under section 1170.18, with witnesses and evidence brought forth in an effort to prove that, for example, the defendant "only" possessed contraband, and did not possess it for sale, or transport it, or furnish it to a

9

minor, etc. (See, e.g., Health & Saf. Code, §§ 11378, 11379, 11380.) Similarly, the People apparently think that a person like Garcia convicted of petty theft under section 666—a reducible offense—would have to prove that he or she did not actually commit a burglary, or a robbery, or grand theft—indeed, the list of felonies which might be related to a theft is almost endless. This view is not only unsupported by the simple language of the statute, but utterly unworkable.[9]

In summary, we follow *T.W.* Garcia was convicted of an offense which is eligible for reclassification and resentencing. The fact that he was convicted by plea is irrelevant under the statutory scheme. He was not convicted of any ineligible offense. While we are not unsympathetic to the argument that the result might be considered unfair to the People in any case where there was a reasonable possibility that the defendant could have been convicted at trial of a felony which would not have been eligible for reduction under section 1170.18, we see no way under the statute for this issue to be addressed on a case by case basis.

---

[9] An issue we need not reach is what evidentiary standard would apply to the defendant's supposed burden to show that he did not *really* commit a felony. Would he be required to show this by a preponderance of the evidence? Or would it be sufficient to raise a reasonable doubt? Would there be a right to a jury trial?

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:


HOLLENHORST
      Acting P. J.


CODRINGTON
      J.