Filed 11/23/21  P. v. Ford CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091138 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF03066) |
| v. | |
| BRANDON ALLEN FORD, | |
| Defendant and Appellant. | |

Defendant Brandon Allen Ford pleaded no contest to a drug offense and admitted serving three prior prison terms pursuant to Penal Code section 667.5, subdivision (b),[1] one of which was for a sexually violent offense.  The trial court sentenced him to four years four months in prison, including one year for each of the prior prison term enhancements.  Shortly before sentencing, the Legislature enacted Senate Bill No. 136

---

[1]  Further undesignated statutory references are to the Penal Code.

(2019-2020 Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590, § 1), amending section 667.5, subdivision (b) to eliminate the one-year enhancement for offenses that are not sexually violent; the new law took effect after defendant was sentenced and while his case was pending on appeal.

The parties agree that Senate Bill 136 applies retroactively to defendant's case and requires that two of his three one-year prior prison term enhancements be stricken from his sentence. They differ, however, on the appropriate remedy after the enhancements are stricken. After considering the parties' supplemental briefing on this issue, we conclude that because the parties did not agree to a stipulated sentence, but rather left the term of imprisonment open for the court's discretion up to the maximum of six years, the proper remedy is to strike two of defendant's prior prison term enhancements without remanding for resentencing.

Defendant also argues the trial court violated his constitutional rights by imposing various fees, fines, and assessments without assessing his ability to pay, as required by *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We reject defendant's challenge to the fees and fines imposed and shall affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant matched the description of a suspect in a battery and was contacted by a Butte County Sheriff's deputy; defendant admitted he was in possession of two methamphetamine pipes. A subsequent search of defendant disclosed two pipes and a bag of methamphetamine.[2]

Defendant was charged with possession of a controlled substance after a specified prior conviction (Health & Saf. Code, § 11377, subd. (a); count 1), and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 2). It further was

---

[2]  The factual background is based on the probation report, which the parties stipulated could serve as the factual basis for defendant's plea.

2

alleged that defendant had a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12), and had served three prior prison terms, two for possessing a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), and one for assault with attempt to commit rape under section 220 (§ 667.5, subd. (b)).

Defendant pleaded no contest to count 1 and admitted the three prior prison term enhancements in exchange for dismissal of count 2 and the prior strike allegation with a *Harvey*[3] waiver. Defendant further agreed that sentencing would be left to the court's discretion and acknowledged that his maximum sentence could be six years in state prison.

The trial court sentenced defendant to four years four months in state prison, consisting of the low term of 16 months for the drug offense plus one year for each of the prison priors. Without objection, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine, which was suspended unless parole was revoked (§ 1202.45), a criminal laboratory analysis fee plus surcharges and assessments totaling $195 (Health & Saf. Code, § 11372.5, subd. (a)), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The court did not impose a drug program fee.

Defendant timely appealed. The trial court denied his request for a certificate of probable cause.

DISCUSSION

I

*Senate Bill 136—Prior Prison Term Enhancements*

Defendant argues that Senate Bill 136 applies retroactively to his case. The People agree, and we concur.

---

**3**      *People v. Harvey* (1979) 25 Cal.3d 754.

3

Senate Bill 136 amended section 667.5, subdivision (b), such that a one-year enhancement for a prior prison term is imposed only if the prior prison term was for a sexually violent offense. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.) Because defendant served two of his three prior prison terms for drug possession offenses, the two associated enhancements are now unauthorized if Senate Bill 136 applies to his case.[4] (*In re Blessing* (1982) 129 Cal.App.3d 1026, 1030; *People v. Harvey* (1980) 112 Cal.App.3d 132, 139.)

Under *In re Estrada* (1965) 63 Cal.2d 740, when the Legislature amends a statute to lessen the punishment for a crime, courts will assume, absent evidence to the contrary, that the Legislature intended the new law to extend "as broadly as possible" to all defendants whose judgments are not yet final. (*People v. Conley* (2016) 63 Cal.4th 646, 657; *Estrada, supra,* 63 Cal.2d at p. 745.) Eliminating the one-year enhancement for a prison prior constitutes an ameliorative change in the law within the meaning of *Estrada*. Thus, absent clear legislative intent to the contrary, we must presume the Legislature intended the ameliorative change to apply to all cases in which a judgment is not yet final on appeal, including judgments based on plea agreements. (Accord, *People v. Matthews* (2020) 47 Cal.App.5th 857, 864-865 [Senate Bill 136 applies retroactively because it lessens punishment for a person who no longer qualifies for the enhancement]; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Senate Bill 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same].)

Because defendant's case is not final on appeal, and it is undisputed that he served two prior prison terms for nonsexually violent offenses, we conclude Senate Bill 136

---

[4] Defendant's third prior prison term enhancement for assault with intent to commit rape under section 220 constitutes a sexually violent offense as defined in Welfare and Institutions Code section 6600. (§ 667.5, subd. (b); Welf. & Inst. Code, § 6600, subd. (b) [defining " 'sexually violent offense' " to include violations of section 220].)

applies retroactively here. The parties further agree, as do we, that the two one-year section 667.5, subdivision (b) enhancements for defendant's prior drug possession offenses should be stricken. As noted, however, the parties' views diverge when it comes to the remedy question.

In light of evolving case law regarding the appropriate remedy when a defendant's plea bargain includes a prior prison term enhancement that was eliminated by Senate Bill 136,[5] we asked the parties for their "views on the trial court's discretion on remand to modify the sentence entered by the trial court after defendant's no contest plea." We directed the parties "to address the holdings, to the extent they are relevant, in *People v. Stamps* (2020) 9 Cal.5th 685; *People v. France* (2020) 58 Cal.App.5th 714; and *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted January 27, 2021, S265739, in addition to any other authorities the parties [found] relevant."

---

[5]     Compare, e.g., *People v. Joaquin* (2020) 58 Cal.App.5th 173, 175 [Senate Bill 136 rendered parties' plea agreement for stipulated 12-year term unenforceable; on remand parties could enter into new plea agreement, but trial court could not impose a longer sentence than in original plea agreement], review granted February 24, 2021, S266594, *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1090-1092 [applying *Stamps* (*People v. Stamps* (2020) 9 Cal.5th 685) remedy to plea bargain with stipulated term of eight years four months with limitation that trial court could not impose a longer sentence than original agreement if new plea agreement is entered on remand], review granted February 17, 2021, S266521, and *People v. Hernandez* (2020) 55 Cal.App.5th 942, 944, 958 [applying *Stamps* remedy to plea agreement with 10-year stipulated term], review granted January 27, 2021, S265739, with *People v. Henderson* (2021) 67 Cal.App.5th 785 [*Stamps* remedy does not apply to an open plea agreement that includes a prison prior that is no longer valid after Senate Bill 136], *People v. Andahl* (2021) 62 Cal.App.5th 203, review granted June 16, 2021, S268336 [*Stamps* remedy did not apply to plea agreement with stipulated seven-year eight-month term; the People bound by the Legislature's change in the law and not entitled to withdraw from plea agreement once prison priors stricken under Senate Bill 136] (*Andahl*), and *People v. France* (2020) 58 Cal.App.5th 714, 717, 727-730 [*Stamps* remedy inapplicable to plea agreement with stipulated four-year term that included prison prior enhancement that was no longer valid under Senate Bill 136; the People not entitled to withdraw from plea agreement after prison prior stricken], review granted February 24, 2021, S266771.

Defendant argues in his supplemental brief that the appropriate remedy is to strike the two unauthorized prison priors while leaving the remainder of his plea bargain intact. He urges us not to apply the remedy in *Stamps*, which allowed the prosecutor and the court to withdraw their approval of a plea agreement if a prior serious felony enhancement was ultimately stricken from the agreement on remand. (*People v. Stamps, supra*, 9 Cal.5th at pp. 705-709 (*Stamps*).) Instead, defendant argues we should follow this court's recent opinion in *Andahl, supra*, 62 Cal.App.5th 203, review granted, which found that *Stamps* did not apply to Senate Bill 136, and that the People were bound by the unilateral legislative change in the law.

The People, by contrast, argue that the remedy in *Stamps*, rather than *Andahl*, should apply. They contend that after striking the two prior prison term enhancements, the matter should be remanded for the trial court to consider whether to resentence defendant on count 1, since he was originally sentenced to the low term, and then the prosecution should be permitted to decide whether to consent to the resentencing or withdraw from the plea agreement.

In *Stamps*, the parties entered into a negotiated plea with a specified prison term, which included a prior serious felony enhancement (§ 667, subd. (a)). (*Stamps, supra*, 9 Cal.5th at pp. 692-693.) After the defendant entered his plea, the Legislature passed Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393), which granted the trial court discretion to strike the prior serious felony enhancement in furtherance of justice. (*Stamps*, at p. 692.) The defendant appealed, seeking remand to allow the trial court to strike the enhancements from the agreed-upon sentence in its discretion, but otherwise keep the plea bargain intact. (*Id.* at p. 700.) The Supreme Court concluded that Senate Bill 1393 applied retroactively but rejected the defendant's argument that, on remand, the trial court could dismiss the five-year prior serious felony enhancement while otherwise maintaining the plea agreement. (*Stamps*, at pp. 693, 698-699, 700.)

6

Noting that the parties entered into a plea agreement for a specified prison term based on the prior serious felony enhancement, the Supreme Court found the trial court could not unilaterally modify the terms without the prosecution's agreement. (*Stamps, supra*, 9 Cal.5th at pp. 700-704.) Relying on the stipulated nature of the sentence, *Stamps* explained that " 'Senate Bill No. 1393 does not entitle defendants who negotiated stipulated sentences "to whittle down the sentence 'but otherwise leave the plea bargain intact.' " ' " (*Stamps*, at p. 706.) That would fundamentally alter the terms of the agreement, depriving the People of the benefit of their bargain. (*Id.* at p. 703.) Thus, the court held that the proper remedy was remand to allow the defendant, if he still wanted to pursue such relief, to ask the trial court to strike the enhancement. If the trial court elected to strike the enhancement, the People would be entitled to withdraw from the agreement and, if desired, reinstate the dismissed charges, or the trial court could withdraw its prior approval of the plea. (*Id.* at pp. 705-709.)

In *Andahl*, the parties entered into a global negotiated plea with a specified prison term in two cases, which included two prison prior enhancements (§ 667.5, subd. (b)). (*Andahl, supra*, 62 Cal.App.5th at p. 207.) Execution of sentence was suspended, and the defendant was placed on formal probation. (*Ibid.*) The court subsequently found defendant violated probation in both cases, and executed the previously suspended seven-year eight-month prison sentence. (*Id.* at p. 208.)

After first determining that defendant's case was not yet final for purposes of *Estrada* retroactivity and that Senate Bill 136 applied (*Andahl, supra*, 62 Cal.App.5th at pp. 208-212), the court considered the appropriate remedy. (*Id.* at pp. 212-215.) *Andahl* found *Stamps* inapposite because, unlike Senate Bill 1393, at issue in *Stamps*, which gave *trial courts* discretion to strike a prior serious felony enhancement, Senate Bill 136 was a *legislative* mandate that certain prior prison term enhancements no longer applied. (*Andahl*, at p. 214.) Thus, under Senate Bill 136, a trial court did not act unilaterally to modify a plea agreement when striking a now-unauthorized prison prior and the People

7

were bound to a legislatively-mandated change in defendant's sentence without the opportunity to withdraw from the plea agreement. (*Andahl*, at pp. 212-213.)

Because defendant's prior prison term enhancements were part of a plea agreement that included an open sentence rather than one negotiated for a specific term, we do not find *Stamps* to be controlling. (See, e.g., *People v. Henderson, supra*, 67 Cal.App.5th 785 [striking prior prison term enhancement while leaving the remainder of plea agreement intact after concluding "*Stamps* is not on point because in this case the parties entered into an open plea agreement rather than agreeing to a stipulated sentence"].)

Under the terms of defendant's agreement, the parties left the matter of probation and sentencing to the sole discretion of the trial judge. Although they acknowledged a maximum sentence of six years, the trial court had an array of sentencing options. It also could have granted defendant probation under section 1203, subdivision (e)(4) if it found this case presented unusual circumstances, but the court found that it did not. It could have imposed the lower, middle, or upper term for the possession offense. (Health & Saf. Code, § 11377, subd. (a); § 1170, subd. (h).) And crucially, here, the trial court could have exercised its discretion to dismiss defendant's prison priors in the interests of justice under section 1385. (*People v. Thomas* (1992) 4 Cal.4th 206, 209 ["the power to dismiss an 'action' under section 1385 includes the power to dismiss or strike an enhancement"].)

The trial court instead sentenced defendant to the low term of 16 months for the drug offense, plus one year for each of the prison priors, for a total aggregate sentence of four years four months. Accordingly, striking two of defendant's prison priors and leaving the plea deal intact will result in a two-year four-month prison term.

We conclude that striking the enhancements in this case does not require us to remand the matter to afford the People an opportunity to assent to the reduced sentence or withdraw from the open sentence plea. As discussed, the parties' agreement specifically contemplated that the trial court might strike the prior prison term enhancements, and

8

even contemplated that defendant might receive no prison time at all. Consequently, striking two of the prior prison term enhancements leaves the material terms of the plea deal intact because it still results in a two-year four-month prison term, which is within the bounds of the original agreement. (See *Stamps, supra*, 9 Cal.5th at p. 701 [" ' "While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [citation], a judge who has accepted a plea bargain is bound to impose a sentence *within the limits of that bargain*," ' " italics added].) Similarly, striking the prison priors will not deprive the People of any reciprocal benefits for which they bargained as, again, defendant's sentence remains within the contours of their bargain. We shall thus modify the judgment to strike two of defendant's prison priors without remanding for further proceedings.

## II

### *Fees and Fines*

Defendant argues the trial court violated his constitutional rights to due process, equal protection, and the prohibition against excessive fines by imposing various fees and fines without holding a hearing to determine his ability to pay them. Although he acknowledges he failed to object below, defendant argues his claim is not forfeited because it involves his fundamental rights and because this court has inherent authority to consider otherwise forfeited claims. To the extent his claim is forfeited, defendant argues ineffective assistance of counsel.

Defendant's argument relies primarily on *Dueñas, supra*, 30 Cal.App.5th 1157, which held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposed court facilities and court operations assessments under [ ] section 1465.8 and Government Code section 70373." (*Dueñas*, at p. 1164.) The *Dueñas* court also held that "although [ ] section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any

9

restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.) Defendant asks that we strike a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine (§ 1202.45), and a $195 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)), and remand for a hearing to determine his ability to pay.

The People argue defendant forfeited his *Dueñas* claim by failing to object or raise the issue of his ability to pay in the trial court. The People further argue that defendant's punitive fines, such as the restitution fines and the laboratory analysis fee, are constitutional, but they do not seek to uphold the imposition of the nonpunitive fines (the court operations and conviction assessments) against defendant should he be unable to pay. They concede that a hearing on defendant's ability to pay the assessments is warranted on this record. We do not accept the People's concession.

The arguments defendant advances in support of his assertion that his claim is not forfeited presuppose that *Dueñas* was correctly decided. But we are not persuaded that the analysis employed in *Dueñas* is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373. (*Kopp, supra*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require a determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320,

10

329, review granted Nov. 26, 2019, S258946 (*Hicks*); *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928 (*Caceres*).) In support of its due process rationale, *Dueñas* relies on authorities in which courts have held it is unconstitutional to punish an indigent defendant or impede his access to the courts solely on the basis of his poverty. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164-1168, citing *In re Antazo* (1970) 3 Cal.3d 100, 103-104 [invalidating practice of requiring convicted defendants to serve jail time if they were unable to pay a fine or a penalty assessment], and *Griffin v. Illinois* (1956) 351 U.S. 12, 16-18 [100 L.Ed. 891, 897-898] [striking down a state of practice of granting appellate review only to convicted criminal defendants who could afford a trial transcript].) As courts have subsequently noted, the line of authorities in *Dueñas* addressing an indigent defendant's right of access to courts are inapplicable because the imposition of the challenged fines and assessments did not affect the ability of the defendant in *Dueñas* to present a defense at trial or to challenge the trial court's rulings on appeal. (*Hicks, supra*, at p. 326, rev.gr.; *Kingston, supra*, at pp. 279-280; *Aviles, supra*, at pp. 1068-1069; *Caceres, supra*, at p. 927; see also *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038-1039 (conc. opn. of Benke, J.) (*Gutierrez*).)

Similarly, authorities cited by *Dueñas* prohibiting incarceration for indigence alone are also inapplicable. (*Hicks, supra*, 40 Cal.App.5th at p. 326, rev.gr.; *Caceres, supra*, 39 Cal.App.5th at p. 927.) Defendant faces, at most, a civil judgment should he be unable to pay. We disagree that any resulting negative consequences from such a civil judgment constitute punishment akin to a due process violation. (See *Caceres*, at p. 927 ["*Dueñas* cites no authority for the proposition that [the negative consequences from a civil judgment] constitute 'punishment' rising to the level of a due process violation]; see also *Gutierrez, supra*, 35 Cal.App.5th at p. 1039 (conc. opn. of Benke, J.) [fines and fees imposed in *Dueñas* did not "satisf[y] the traditional due process definition of a taking of life, liberty or property"].)

11

To the extent imposing potentially unpayable fees or fines on indigent defendants raises constitutional concerns, we agree that such challenges are properly analyzed under the Eighth Amendment's excessive fines clause, which limits the government's power to extract cash payments as punishment for an offense. (*Aviles, supra*, 39 Cal.App.5th at pp. 1071-1072.) "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.] . . . [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334 [141 L.Ed.2d 314, 329].)

To determine whether a fine is excessive in violation of the Eighth Amendment, we consider "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728; *Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).) Accordingly, although ability to pay may be part of the proportionality analysis, it is not the only factor. (*United States v. Bajakajian, supra*, 524 U.S. at pp. 337-338.) We review de novo whether a fine is excessive under the Eighth Amendment. (*Bajakajian*, at p. 336, fn. 10.)

We conclude the minimum $300 restitution fines, $40 court operations assessment, $30 conviction assessment, and $195 laboratory analysis fee are not grossly disproportionate to defendant's level of culpability and the harm his offense caused. Defendant was on parole, having several previous parole violations, when he again was convicted for the new drug offenses. Defendant's extensive recidivist history, coupled with his present drug offenses, which require the expenditure of laboratory resources, demonstrate that under the circumstances, the aggregate amount of the fines, fees, and assessments is not excessive under the Eighth Amendment.

12

Having rejected defendant's *Dueñas* and Eighth Amendment challenges to the above referenced fines, fees, and assessments, we likewise reject his derivative claim of ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless defense does not demonstrate ineffective assistance of counsel].)

## DISPOSITION

The judgment is modified to strike the two one-year prior prison term enhancements under section 667.5, subdivision (b) for defendant's prior drug convictions. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modified judgment, and to forward a copy to the Department of Corrections and Rehabilitation.


      KRAUSE      , J.


I concur:


      RENNER      , J.

13

MAURO, Acting P. J., Concurring and Dissenting.


I fully concur in the majority opinion except for part II of the Discussion, pertaining to defendant's challenge to the imposed fines and assessments, as to which I dissent.

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court held it is improper to impose certain fines or assessments without determining defendant's ability to pay. (*Id*. at pp. 1168, 1172.) Although some courts have subsequently criticized *Dueñas*'s legal analysis (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946), *Dueñas* remains citable precedent. Until the California Supreme Court has had an opportunity to resolve the current split in authority, I believe it is appropriate in certain cases to remand the matter to give the trial court an opportunity to consider defendant's ability to pay.

Here, defendant's October 2019 sentencing occurred after *Duenas* was decided, but defendant's counsel did not raise an ability to pay challenge at the sentencing hearing. Accordingly, an ability to pay challenge is forfeited regarding the fines and assessments. Nevertheless, because defendant now asserts ineffective assistance of counsel, I would remand the matter and direct the trial court to assess defendant's ability to pay the fines and assessments.


                                        MAURO            , Acting P. J.