[Crim. No. 20653. First Dist., Div. One. Nov. 17, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
SHELBY KIRK HARVEY, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and William D. Stein, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Robert P. Mason and Howard Harpham, Deputy State Public Defenders, for Defendant and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Defendant Harvey was charged in count I of an information with murder (Pen. Code, § 187). Counts II, III, IV and V charged him, respectively, with assault by means of force likely to produce great bodily injury with intent to commit murder (Pen. Code, § 217), assault with a deadly weapon and by means of force likely to produce great bodily injury (Pen. Code, § 245), assault by means of force likely to produce great bodily injury with intent to commit murder (Pen. Code, § 217), and assault with a deadly weapon and by means of force likely to produce great bodily injury (Pen. Code, § 245). As to counts II, III, IV and V it was alleged that in the commission of each offense Harvey personally used a deadly and dangerous weapon (Pen. Code, § 12022) and with intent to inflict such injury, inflicted great bodily injury (Pen. Code, § 12022.7). It was further alleged that Harvey had previously been convicted of robbery "and served a prison term for such offense and that he has not remained free of prison custody for five years immediately preceding the filing of the first accusatory pleading in this case, within the meaning of Penal Code Section 667.5(b)."

Thereafter guilty pleas were bargained for and entered. The bargain will be reflected by the following proceedings (the emphasis is ours): "The Court: People versus Harvey. The defendant is present with his counsel, Mr. Rosen. Mr. Wennerholm is representing the District Attorney of Monterey County....

"Mr. Rosen: Your Honor, we have a conditional plea....The defendant will enter a plea of no contest to a lesser included offense of count I. Count I charges 187, murder. A lesser included would be voluntary manslaughter under Penal Code section 192 with the understanding that would be the principal term, the midterm of four years. Furthermore,...he will admit the prior as alleged in this information. That he did suffer a prior conviction of robbery as alleged in the information....Furthermore, he will enter a plea of guilty to count II of the information charging 217. And he will admit that he inflicted

great bodily injury within the meaning of 12022.7 under count II. And People would strike the allegation that he used a knife within the meaning of 12022(b) under count II. So under count II it will be under 217, a midterm of four years. Great bodily injury is three years. To make it consecutive with the principal term of count I, it will be one-third of four plus three as we have calculated, two years four months. . . .

"The Court: Can you give one-third of three years, too? Mr. Wennerholm: Yes, you have to. It is part of the 1170 sub (a). . . .

"Mr. Rosen: Dismiss count III which is an alternative pleading of count II. Plead guilty to count IV under the same terms as count II. 217 plus the GBI. And one-third of that consecutive to the principal term is another two years four months. And then count V will be dismissed as an alternative pleading of count IV. And all the allegations of use of a knife under 12022(b) are stricken. They could not be imposed anyway where the great bodily injury enhancement is imposed. That adds up to a total of nine years, eight months. And the defendant enters this plea with a further understanding that under *People versus Cole*, that the court will strike the prior, leaving him with a total of eight years, eight months. . . .

"The Court: Mr. Wennerholm, do you wish to be heard? Mr. Wennerholm: That is a correct statement of the plea bargain, your Honor. *It also is understood that we will be free perhaps to appeal the ruling of the court since I understand the court will strike the prior.* The Court: This court has no choice but to—Mr. Wennerholm: I understand. The Court:—follow the law as set forth in *People versus Cole*. Mr. Wennerholm: I understand that, your Honor. The Court: All right, now, so stipulated? Mr. Wennerholm: Yes. The Court: Fine. Mr. Harvey, do you understand what is going on now? The Defendant: Yes, your Honor. The Court: It's kind of complex. A little bit complicated. But let's—it looks like the attorneys have done a great deal of work in arriving at this final figure of *eight years and eight months. Do you understand that*? The Defendant: *Yes, your Honor.* The Court: *That's what you are going to get in the state prison.* The Defendant: *Yes.* The Court: With, of course, credit for time served. The Defendant: Yes."

Judgment was thereafter entered accordingly.

The People have appealed according to the understanding of the plea bargain. They contend only that *People* v. *Cole* (1979) 94 Cal.App.3d

854 [155 Cal.Rptr. 892], relied upon by the trial court in reducing the "final figure" to eight years and eight months, does not correctly state the law.

The defendant of *Cole*, and Harvey of the case at bench, were similarly situated. Each was on *parole* from a prison term on a prior conviction when he was arrested for a subsequent offense, each was in county jail custody awaiting trial and judgment on the subsequent offense and each, for reasons of law enforcement expediency was independently held in the same county jail custody during that period, for violation of parole under his earlier conviction. In that sense neither had served (instead, each was serving) a prior prison term for a felony.

■ Penal Code section 667.5 states that the trial court "shall impose a one-year term for each prior separate prison term served for any felony. . . ." In *Cole* the court, stating a "'prior separate prison term' is defined in section 667.5, subdivision (g), as 'a *continuous completed* period of prison incarceration'" (italics added), held that Cole not having served a prior "'separate prison term,'" his prior conviction "may not be used to enhance defendant's sentence." (94 Cal.App.3d 854, 866.)

*Cole*'s interpretation of Penal Code section 667.5 has since been rejected by *People* v. *Mathews* (1980) 102 Cal.App.3d 704, 711-712 [162 Cal.Rptr. 615], and *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 72-73 [159 Cal.Rptr. 894]. And Harvey here concedes that these "subsequent cases seem to clearly indicate that the trial court herein was not required to strike the prior for enhancement purposes,. . ." We hold that the trial court was not bound to "follow the law as set forth in People versus Cole." The rule of *Mathews* and *Espinoza* should have been applied.

But yet another issue appears.

As pointed out, the plea bargain contemplated, as then appeared to be the law, that Harvey would be subject to imposition of *consecutive* "great bodily injury" enhancements (Pen. Code, § 12022.7) of the sentences under counts II and IV. Those counts, it will be remembered, charged Penal Code section 217 assaults by means of force likely to produce great bodily injury with intent to commit murder.

■ Two days *before* Harvey's sentencing the state's Supreme Court decided *People* v. *Harvey* (1977) 25 Cal.3d 754 [159 Cal.Rptr. 696,

602 P.2d 396] (the sameness of names is coincidental). *Harvey* discerned, and held (p. 761), that "the evident legislative intent...was to allow [great bodily injury] enhancement of [a] consecutive offense only in certain *limited* situations," *not including* section 217 assaults by means of force likely to produce great bodily injury with intent to commit murder. Under *Harvey* it would appear that one of the two instant Penal Code section 12022.7 enhancements should be stricken.

Two related problems arise. We consider the first of them.

Following the Supreme Court's decision in *Harvey*, and obviously as sort of a response thereto, the Legislature by rare unanimous votes of both houses amended Penal Code section 1170.1, subdivision (a), to read in part as follows: "The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction *for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7.*" (Italics added.)

It will be seen that the amendment, if here applicable, mandated implementation of the consecutive "great bodily injury" enhancements of Harvey's sentences under counts II and IV. And the mandate was accented by section 1170.1's amendatory act which provided: "This act is intended to clarify and *reemphasize* what has been the legislative intent since July 1, 1977." (Italics added.)

The Attorney General insists that we are obliged to give expression to the declared retroactive legislative intent, and *not* to the holding of *People* v. *Harvey*.

This intermediate court of review thus finds itself directed by the Legislature to *affirm* Harvey's consecutive great bodily injury sentence enhancement, and by the Supreme Court to set it aside. ■ The unpleasant quandary, we think, is resolved by *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]: "The decisions of this court are binding upon and must be followed by all the state courts of California." ■ And we note the long-existent rule that: "The subsequent legislation interpreting the statute construed, does not change the meaning; it merely supplies an

indication of the legislative intent which may be considered together with other factors in arriving at the true intent existing at the time the legislation was enacted." (*Stockton Sav. & Loan Bank* v. *Massanet* (1941) 18 Cal.2d 200, 204 [114 P.2d 592]; and see *Eu* v. *Chacon* (1976) 16 Cal.3d 465, 470 [128 Cal.Rptr. 1, 546 P.2d 289]; *West Pico Furniture Co.* v. *Pacific Finance Loans* (1970) 2 Cal.3d 594, 610 [86 Cal.Rptr. 793, 469 P.2d 665].) In our opinion, if the holding of *Harvey* is to be changed, it must under the law be done by the court which authored it.

The second of our instant problems assumes, arguendo, that *Harvey* would ordinarily be applicable. But here there is a plea bargain under which, unaware of the rule of *Harvey*, Harvey agreed to the application of both enhancements. The question is whether, under such circumstances, Harvey must be held to his bargain.

There is decisional authority holding: "It seems reasonable and just, at least where no public policy, or statutory or decisional or constitutional principle otherwise directs, that the accused also be held to his agreement." (*In re Troglin* (1975) 51 Cal.App.3d 434, 438 [124 Cal. Rptr. 234].) But it has also been held: "We know of no rule of law which enables a court, following a negotiated plea, to impose a sentence in excess of the maximum allowable for the plea entered.' (*In re Stanley* (1976) 62 Cal.App.3d 71, 77 [131 Cal.Rptr. 608].)

██ We are of the opinion, and hold, that in computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law. Such a holding is found to be required by *In re Stanley, supra*, and consistent with *In re Troglin, supra*, which holds an accused to his plea bargain where not contrary to some "decisional" or other compelling principle.

It follows that a Penal Code section 667.5 enhancement of *one year* must be added to Harvey's sentence, while under *Harvey* the erroneously added Penal Code section 12022.7 enhancement of *one* year (one-third of three) should be deducted therefrom. These offsetting items cancel each other with the result that Harvey's total sentences were proper under his plea bargain. The judgment will therefore be affirmed.

We are unpersuaded that the cause should be remanded to the superior court for resolution, under Penal Code section 1170.1, subdivision (g), whether there were "circumstances in mitigation" of the principal

and remaining section 12022.7 enhancement. We construe the plea bargain that there be such an enhancement, as in the nature of a stipulation that there were no such mitigating circumstances. (See *People* v. *West* (1970) 3 Cal.3d 595, 612-613 [91 Cal.Rptr. 385, 477 P.2d 409].)

The judgment is affirmed.

Newsom, J., and Grodin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 28, 1981.