Filed 2/11/21  P. v. Horn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091174 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18F6882, 18F6883, 19F188, 19F235) |
| v. | |
| DERRICK WAYNE HORN, | |
| Defendant and Appellant. | |

In a global settlement agreement resolving multiple criminal matters, defendant Derrick Wayne Horn pleaded no contest to several offenses in exchange for a negotiated sentence of 11 years four months in state prison, including two 1-year enhancements for serving two prior prison terms under Penal Code section 667.5, subdivision (b).[1]  After sentencing, but while his case was pending on appeal, the Legislature enacted Senate Bill

---

[1]      Undesignated statutory references are to the Penal Code.

1

No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) (Senate Bill 136), amending section 667.5, subdivision (b) to eliminate the 1-year enhancement for offenses that are not sexually violent.

On appeal, defendant contends, and the People agree, that Senate Bill 136 applies retroactively to his case and requires that the two 1-year prior prison term enhancements be stricken from his sentence. We agree that, by virtue of the retroactive change in the law, defendant's prior prison term enhancements are no longer authorized. We conditionally reverse the judgment and remand this matter to the trial court with directions to strike the enhancements should defendant still wish to pursue relief under Senate Bill 136 given the global nature of his plea agreement. In the event defendant continues to seek the benefit of Senate Bill 136 upon remand, in accordance with the California Supreme Court's recent decision in *People v. Stamps* (2020) 9 Cal.5th 685, 705-709 (*Stamps*), we further direct the trial court to allow the prosecution an opportunity to withdraw its assent to the plea agreement. [2]

FACTS AND PROCEDURAL HISTORY

The facts underlying defendant's convictions are not relevant to our determination of the issue on appeal. We thus limit the facts to the relevant procedural history underlying defendant's claim.

---

[2] The Supreme Court recently granted review in *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted January 27, 2021, S265739, on the following issues: (1) if a defendant's prior prison term enhancements are stricken under Senate Bill 136, does the remainder of the sentence agreed to under a plea agreement remain intact or must the case be remanded to allow the People to withdraw from the plea agreement and to obtain the trial court's approval in light of *Stamps*, and (2) if the plea agreement is rescinded in light of Senate Bill 136, can the defendant be sentenced to a term longer than provided for in the original agreement? Until such time as the Supreme Court decides these issues, we shall apply *Stamps* in the context of Senate Bill 136.

2

Defendant was charged in four separate cases with multiple offenses. In October 2018, defendant was charged in Shasta County case No. 18F6882 with possession of a deadly weapon (§ 22210, count one); possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count two); receipt of stolen property (§ 496, subd. (a), count three); and driving while his driving privileges were suspended due to a prior conviction for driving under the influence (Veh. Code, § 14601.2, subd. (a), count four). It was further alleged that defendant had a strike prior (§ 1170.12) and that he had served two prior prison terms (§ 667.5, subd. (b)).

A week later, defendant was charged in Shasta County case No. 18F6883 with unlawfully taking or driving a vehicle with a prior auto theft conviction (Veh. Code, § 10851, subd. (a); § 665.5, count one); receipt of a stolen vehicle with a prior auto theft conviction (§§ 496d, subd. (a), 666.5, count two); driving while his driving privileges were revoked or suspended (Veh. Code, § 14601.1, subd. (a), count three); and failure to provide proof of insurance after an accident (Veh. Code, § 16028, subd. (c), count four). It was further alleged that defendant had served two prior prison terms (§ 667.5, subd. (b)), and had a prior strike (§ 1170.12).

In January 2019, defendant was charged in Shasta County case No. 19F188 with receipt of a stolen vehicle with a prior auto theft conviction (§§ 496d, subd. (a), 666.5, count one); theft of a vehicle with a prior auto theft conviction (Veh. Code, § 10851, subd. (a), § 666.5, count two); resisting a peace officer (§ 148, subd. (a)(1), count three); driving while his driving privileges were suspended due to a prior conviction for driving under the influence (Veh. Code, § 14601.2, subd. (a), count four); evading an officer (Veh. Code, § 2800.1, count five); and presenting false evidence of registration (Veh. Code, § 4462.5, count six). It was alleged defendant had served four prior prison terms (§ 667.5, subd. (b)), and had a prior strike conviction (§ 1170.12).

Defendant was also charged with various offenses and enhancements in case No. 19F235, although that charging document is not in the record.

In March 2019, defendant agreed to resolve all four cases via plea in exchange for a stipulated term of 11 years four months. The parties stipulated that the various police reports could serve as the factual basis for the pleas.

In case No 19F188, defendant pleaded no contest to receipt of a stolen vehicle with a prior auto theft conviction (count one), and admitted a strike prior; he also admitted serving two prior prison terms within the meaning of section 667.5, subdivision (b) for first degree burglary and felony domestic violence. In case No. 18F6883, defendant pleaded no contest to receipt of a stolen vehicle with a prior auto theft conviction (count two) and admitted a strike prior. In case No. 18F6882, defendant pleaded no contest to possession of a deadly weapon (count one), and admitted a prior strike. In case No. 19F235, defendant pleaded no contest to evading a peace officer with disregard for public safety (Veh. Code, § 2800.4, count one). Under the terms of the plea agreement, the remaining counts and enhancements in each case were dismissed.

The court sentenced defendant in accordance with the plea agreement to 11 years four months as follows: for the receipt of a stolen vehicle offense in case No. 19F188 the midterm of three years, doubled for the strike prior, plus one year each for defendant's two prior prison term enhancements; for the receipt of a stolen vehicle offense in case No. 18F6883, a consecutive two years (one-third the midterm, doubled for the strike prior); for the possession of a deadly weapon offense in case No. 18F6882, a consecutive term of one year four months (one-third the midterm, doubled for the strike); and for the evading a peace officer offense in case No. 19F235, a concurrent term of three years.

In December 2019, defendant filed a request for an order permitting him to file a notice of appeal more than 60 days after sentencing, which we granted. Defendant then filed a notice of appeal without a certificate of probable cause in February 2020. We note that the Supreme Court in *Stamps* held that a postplea claim for relief seeking retroactive application of a subsequently enacted, ameliorative change in the law does not constitute

4

an attack on the validity of the plea and therefore does not require a certificate of probable cause.  (*Stamps, supra*, 9 Cal.5th at pp. 694-698.)

DISCUSSION

I

*Application of Senate Bill 136*

Defendant argues that Senate Bill 136 applies retroactively to his case.  The People agree.  Both are correct.

Senate Bill 136 amended section 667.7, subdivision (b), such that a one-year enhancement for a prior prison term is imposed only if the prior prison term was for a sexually violent offense.  (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)  Because defendant served his prior prison terms for first degree residential burglary and domestic violence, which are not sexually violent offenses, his two 1-year prior prison term enhancements are now unauthorized if Senate Bill 136 applies to his case.  (*In re Blessing* (1982) 129 Cal.App.3d 1026, 1030; *People v. Harvey* (1980) 112 Cal.App.3d 132, 139.)

Under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), when the Legislature amends a statute to lessen the punishment for a crime, courts will assume, absent evidence to the contrary, that the Legislature intended the new law to extend "as broadly as possible" to all defendants whose judgments are not yet final.  (*People v. Conley* (2016) 63 Cal.4th 646, 657; *Estrada, supra,* at p. 745.)  Eliminating the 1-year enhancement for a prison prior constitutes an ameliorative change in the law within the meaning of *Estrada*.  (*Stamps, supra*, 9 Cal.5th at p. 699.)  Thus, in the absence of clear legislative intent to the contrary, which it has not, we presume the Legislature intended the ameliorative change to apply to all cases in which a judgment is not yet final on appeal, including judgments based on plea agreements.  (Accord, *People v. Matthews* (2020) 47 Cal.App.5th 857, 864-865 [Senate Bill 136 applies retroactively because it lessens punishment for a person who no longer qualifies for the enhancement]; *People v. Lopez* (2019) 42 Cal.App.5th

5

337, 340-342 [Senate Bill 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same]; *Estrada,* at pp. 745-748.) Because defendant's conviction is not yet final on appeal, and it is undisputed that he did not serve a prior prison term for any qualifying offenses, we conclude Senate Bill 136 applies retroactively to his case.

II

*Remedy*

The parties both agree that the matter should be remanded to the trial court to strike the enhancements and for resentencing. Based on our Supreme Court's recent decision in *Stamps*, which was decided after defendant sought Senate Bill 136 relief on appeal, we conclude the enhancements must be stricken upon remand should defendant decide he wants to continue pursuing relief under Senate Bill 136, but that the prosecution should be given the opportunity to withdraw from the plea agreement if it chooses.

In *Stamps*, the defendant pleaded no contest to one count of first degree burglary and stipulated to a nine-year sentence consisting of two years for the burglary, doubled under the Three Strikes law (§ 1170.12, subd. (c)(1)), plus five years for a prior serious felony enhancement (§ 667, subd. (a)(1)). (*Stamps, supra*, 9 Cal.5th at p. 693.) In exchange for the plea, two other counts of first degree burglary and a second prior serious felony enhancement allegation were dismissed. (*Ibid*.)

At the time of sentencing, the trial court did not have discretion to strike the serious felony enhancement imposed under section 667, subdivision (a)(1). (*Stamps, supra*, 9 Cal.5th at p. 693.) However, while defendant's appeal was pending, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) took effect, giving trial courts the discretion to dismiss such enhancements. (*Stamps*, at p. 693.) On appeal, the defendant argued that Senate Bill 1393 applied retroactively to his case and required a remand so

the trial court could decide whether to strike the serious felony enhancement, while otherwise preserving the plea agreement. (*Stamps*, at p. 693.)

After concluding that the defendant was not required to obtain a certificate of probable cause, and that Senate Bill 1393 applied retroactively to his case on appeal, the Supreme Court turned to the question of remedy. (*Stamps, supra*, 9 Cal.5th at pp. 700-709.) The court rejected the defendant's argument that the proper remedy was to remand the matter to the trial court to consider striking the serious felony enhancement, while otherwise maintaining the balance of the negotiated plea agreement. (*Id*. at p. 700.) Noting that the parties entered into a plea agreement for a specific prison term, the court held that under long-standing law (see, e.g., § 1192.5), once a court has accepted the terms of a plea agreement, it cannot modify the terms of that bargain without the agreement of the parties. (*Stamps*, at pp. 700-701.) While recognizing that the Legislature *could* authorize courts to modify or invalidate the terms of a plea agreement without affording the People an option to rescind the agreement, the court found nothing to demonstrate the Legislature intended Senate Bill 1393 to have that effect. (*Stamps*, at pp. 702-704.)

In reaching its conclusion, the court distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which held that the People are not entitled to withdraw from a plea agreement when a defendant petitions to have a felony conviction recalled and resentenced as a misdemeanor under Proposition 47 (enacted by the electorate Nov. 4, 2014). (*Stamps, supra*, 9 Cal.5th at pp. 702-704; see *Harris, supra*, at p. 993.) In *Harris*, it was undisputed that the defendant was entitled to have his conviction reduced and resentenced as a misdemeanor under Proposition 47. (*Harris*, at p. 989.) The question before the court was whether the People should be permitted to withdraw from the plea on the basis that the resentencing would deprive them of the benefit of their bargain. (*Id*. at pp. 988-989.) The court held that the answer to this question depended on the "intent behind Proposition 47." (*Harris*, at p. 991.) Based on "unambiguous language" that

7

Proposition 47 applies to defendants convicted by plea, and the expressed intent of Proposition 47 to reduce the number of nonviolent offenders in state prisons, the court concluded that the Legislature intended to modify or invalidate the terms of plea agreements without affording the People the option to withdraw from the agreement. (*Harris*, at pp. 992-993.)

Unlike the legislation in *Harris*, the *Stamps* court noted that Senate Bill 1393 was "silent regarding pleas." (*Stamps, supra*, 9 Cal.5th at p. 704.) Further, the court held, allowing a defendant to strike an enhancement under Senate Bill 1393 while otherwise retaining the benefits of the bargain would frustrate the legislative intent to have the law apply uniformly, by creating "special rules" for plea cases. (*Stamps*, at p. 704.) Thus, the court held that Senate Bill 1393 was not intended "to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, at p. 702.)

Rejecting the defendant's argument that he should be permitted to " ' "whittle down the sentence 'but otherwise leave the plea bargain intact' " ' " (*Stamps, supra*, 9 Cal.5th at p. 706), the court concluded in *Stamps* that the proper remedy is to give defendant the choice whether to seek relief under Senate Bill 1393, knowing that if the trial court exercises its discretion to strike the enhancement, the People (and the court) will be entitled to withdraw their prior approval of the plea agreement. (*Stamps*, at pp. 706-709.)

In this case, the changes made by Senate Bill 136 limiting the prior offenses that qualify for a prior prison term enhancement are similar to the changes made by Senate Bill 1393 allowing courts to dismiss a serious felony enhancement in furtherance of justice. Although Senate Bill 136 is mandatory, and the trial court's authority under Senate Bill 1393 is discretionary, both *Stamps* and *Harris* make clear that the key inquiry is not whether legislation is mandatory or discretionary, but whether the Legislature intended the legislation to overturn existing law that a court cannot modify an agreed-

8

upon term without the parties' agreement. (*Stamps, supra*, 9 Cal.5th at pp. 701-705; *Harris, supra*, 1 Cal.5th at pp. 991-992.) We conclude that Senate Bill 136 reflects no such intent, as it is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps,* at p. 704.) Our interpretation does not nullify the legislative purpose behind the ameliorative provisions of the legislation because the legislation was never intended to overturn the "well-settled law" that a court lacks discretion to modify a plea agreement without the parties' consent. (*Stamps,* at p. 702.)

" 'The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court.' " (*Stamps, supra*, 9 Cal.5th at p. 705.) " 'Judicial approval is an essential condition precedent to the effectiveness of the "bargain" worked out by the defense and prosecution.' " (*Ibid.*) Because the two 1-year prior prison term enhancements were a material part of defendant's global plea bargain originally negotiated by the parties and approved by the court, under which the People dismissed the remaining charges and allegations in several pending matters, the People and the court must be given the opportunity to withdraw their approval of the agreement if defendant should seek the benefit of the retroactive change in the law upon remand.

Thus, we shall conditionally reverse to give defendant the opportunity to seek Senate Bill 136 relief upon remand. If he does, the People and the court must have the opportunity to withdraw their approval of the plea bargain once the trial court strikes the unauthorized enhancements.

## DISPOSITION

The judgment is conditionally reversed and remanded to the superior court with directions to allow defendant the opportunity to seek relief under Senate Bill 136. If

9

defendant chooses to pursue such relief, the trial court shall strike the two 1-year prior prison term enhancements under section 667.5, subdivision (b), and allow the People and court the opportunity to withdraw their prior approval of the plea agreement. Once the new judgment is entered, the trial court is directed to prepare a new abstract of judgment, reflecting the new judgment, and forward a copy to the Department of Corrections and Rehabilitation.

                                              _____

                                              HULL, P. J.

We concur:

_____

MAURO, J.

_____

MURRAY, J.