Filed 3/4/21  P. v. Kleinau CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C092104 |
| Plaintiff and Respondent, | (Super. Ct. No. F18000268) |
| v. | |
| JAMES ANTHONY KLEINAU, | |
| Defendant and Appellant. | |

Defendant James Anthony Kleinau pleaded no contest to reckless evading a peace officer and admitted four prior prison terms as part of a negotiated plea agreement that included a stipulated sentence.  The trial court sentenced defendant to a term of seven years in prison, including the upper term of three years in prison on the evading charge and one year for each of the four prior prison terms.  On appeal, defendant contends that Senate Bill No. 136 (2019-2020 Reg. Sess.) applies retroactively to his case and requires that the four prior prison term enhancements be stricken.  The Attorney General agrees.

1

However, the parties disagree as to the effect of the new law's application on the plea agreement.

We agree with both parties that, because of the retroactive change in the law, defendant's prior prison term enhancements are unauthorized and must be stricken. Noting that the remaining term of three years in prison is less than half the sentence of seven years in prison originally agreed upon by the parties at the time of the plea, we agree with the Attorney General that remand is required. We remand the matter to the trial court with directions to strike the enhancements and provide both parties an opportunity to withdraw from the plea agreement and negotiate anew.

PROCEDURAL BACKGROUND

The details of defendant's crimes are not relevant to this appeal. It suffices to say that defendant was charged with evading a peace officer (Veh. Code, § 2800.2, subd. (a); count I), resisting a peace officer (Pen. Code, § 148, subd. (a)(1),[1] count II), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count III), and possession of a controlled substance injection/ingestion device (Health & Saf. Code, § 11364, subd. (a); count IV). The prosecution also alleged defendant had a prior strike conviction and had served four prior prison terms.

Defendant pleaded no contest to evading a peace officer and admitted the four prior prison terms; the prosecution dismissed the three remaining counts and the prior strike allegation per the negotiated plea agreement. The trial court imposed the seven-year prison sentence stipulated to by the parties, which included the upper term for the evading charge and one year for each of the four prior prison terms. The court suspended execution of the sentence and placed defendant on probation. Defendant later violated

---

[1] Undesignated statutory references are to the Penal Code.

the terms of probation and the court executed the imposed sentence. Defendant timely appealed.

## DISCUSSION

Defendant contends, and the People agree, that recently enacted Senate Bill No. 136, which limits the prior offenses that qualify for a prior prison term enhancement under section 667.5, subdivision (b) applies retroactively to his case. We agree with the parties. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Sen. Bill No. 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same].) "Senate Bill 136 amended section 667.5, subdivision (b) such that a one-year enhancement for a prior prison term shall be imposed only if the prior term was for a sexually violent offense." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.) Because defendant's prior prison terms were not for sexually violent offenses, his one-year enhancements, which were lawful at the time of sentencing, are now unauthorized. (See *In re Blessing* (1982) 129 Cal.App.3d 1026, 1030; *People v. Harvey* (1980) 112 Cal.App.3d 132, 139.)

If we were to modify the judgment to strike the now-unauthorized enhancements and do nothing else, as defendant argues we should, the seven-year *stipulated* sentence in prison would be reduced to three years. This despite the dismissal of three additional counts and a strike in order to accommodate the agreed-upon sentence. But the four prior prison term enhancements, which were essential components of the plea agreement, are now unauthorized. This renders the plea agreement unenforceable. (See *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1096 (*Griffin*) [because Senate Bill No. 136 "*categorically* removed authorization to impose" the enhancement, the plea agreement incorporating the enhancement "is no longer enforceable"].)

The Attorney General cites *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and argues that the case should be remanded so the prosecution may decide whether to accept the substantial reduction in sentence or withdraw from the plea agreement. Defendant

3

cites *People v. Matthews* (2020) 47 Cal.App.5th 857 and responds that *Stamps* is distinguishable because--unlike the change in the law discussed in that case--here the change in the law promulgated by Senate Bill No. 136 did not grant the trial court new *discretion* to strike the sentence enhancements. Instead, it removed the prior prison term enhancements and rendered the associated one-year prison terms unauthorized sentences.

We conclude that neither *Stamps* nor *Matthews* is directly on point to this situation, as we next explain. But those and other relevant authorities, together with the specific facts of this case, compel our conclusion that remand is required.

In *Stamps* the defendant pleaded no contest to one count of first degree burglary and stipulated to a nine-year prison sentence that included five years for a prior serious felony enhancement (§ 667, subd. (a)(1)); the remaining counts and allegation were dismissed as part of the plea agreement (*Stamps, supra*, 9 Cal.5th at p. 693).

At the time of sentencing, the trial court did not have discretion to strike the serious felony enhancement, but while defendant's appeal was pending, Senate Bill No. 1393 (2017-2018 Reg. Sess.) took effect and gave trial courts the discretion to do so. (*Stamps, supra*, 9 Cal.5th at p. 693.)

Our Supreme Court rejected the defendant's argument that the proper remedy was to remand the matter to the trial court to consider striking the serious felony enhancement, "while otherwise maintaining the plea agreement intact." (*Stamps, supra*, 9 Cal.5th at p. 700.) The court explained that "[o]nce the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " (*Id.* at p. 701.) Thus, the court concluded Senate Bill No. 1393 was not intended "to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, at p. 702.) *Stamps* answered the question of what the *trial court* could do to the plea agreement on remand, *on its own*, rather than the effect of a change in the law on the plea agreement itself and the parties' actions.

4

Here, as defendant notes, the trial court would not be exercising its discretion to change the terms of defendant's plea agreement, unilaterally or otherwise. Senate Bill No. 136 simply eliminated the prior prison term enhancements to which he pleaded, as well as the associated punishment. (*People v. Jennings*, *supra*, 42 Cal.App.5th at p. 681.) The legislative actions in Senate Bill 136 affect the sentence in the plea agreement directly, rather than giving the trial court discretion to strike a portion of that sentence. (*Doe v. Harris* (2013) 57 Cal.4th 64, 73 ["the general rule in California is that a plea agreement is ' " deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy" ' "]; see *Griffin, supra,* 57 Cal.App.5th at p. 1096 [observing that "while *Stamps'* remand instructions provided that the prosecution could withdraw from the plea agreement *only if* the trial court indicated its intent to exercise its discretion to strike the serious felony enhancement, the plea agreement in the present case is no longer enforceable"].)

Here, as in *Griffin* but not as in *Stamps*, the enhancements at issue are now unauthorized, and the court cannot enforce or approve the plea agreement, whether defendant seeks the change or not. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 588 [post-Senate Bill 136, prior prison term enhancements "are unauthorized and must be stricken"]; *People v. Harvey, supra,* 112 Cal.App.3d at p. 139 ["in computing one's sentence under a plea bargain, even though agreed to by the parties, the court may not give effect to an enhancement unauthorized by law"].)

Defendant relies on *People v. Matthews, supra,* 47 Cal.App.5th 857, which was decided by the First Appellate District, Division Two, two months before the high court decided *Stamps*. But that court did not decide the precise issue before us; in *Matthews*, the People sought *unilateral resentencing by the trial court* to achieve the previously agreed-upon sentence after striking certain components thereof. The *Matthews* court held that a trial court "cannot, in striking the enhancements invalidated by Senate Bill No. 136

5

(2019-2020 Reg. Sess.), reconsider other aspects of the sentences [the defendant] and the People specifically agreed to under the plea agreements." (*Id.* at p. 869.) In *Matthews* the People asked for remand for the trial court to resentence the defendant in order to achieve the agreed-upon stipulated sentence after the now-invalid prior term enhancements were stricken. (*Id*. at pp. 860, 866.) The *Matthews* court declined to do so, holding that: "The plea agreement here specifies the precise sentences to be imposed for each charge and enhancement, and we therefore conclude that the trial court lacks the power to alter those sentences except to eliminate enhancements affected by Senate Bill No. 136." (*Id*. at p. 866.) *Matthews'* holding that "the purposes of Senate Bill No. 136 . . . would be frustrated if the trial court were allowed to unilaterally alter agreed-to terms of a plea agreement after striking enhancement sentences as required by Senate Bill No. 136" (*id*. at p. 868) is not on point to the instant analysis; here, the People seek the opportunity to renegotiate or withdraw from the now unenforceable plea agreement. They do not ask us to tell the trial court to unilaterally alter the agreement. Thus, *Matthews*, too, dealt with a different question than we must answer here.

"[T]he concept of reciprocal benefits" is an essential part of plea bargaining. (*People v. Collins* (1978) 21 Cal.3d 208, 214.) A defendant "agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment" and the prosecution obtains "a certain ultimate result" in the form of a "term of punishment" for the defendant. (*Id.* at pp. 214-215.) The agreement is then approved or rejected by the trial court as part of "an informed decision in furtherance of the interests of society." (*In re Alvernaz* (1992) 2 Cal.4th 924, 941.) When "either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made." (*Collins,* at p. 214.)

As we have explained, the parties agree that Senate Bill No. 136 rendered defendant's prior prison term enhancements unauthorized. The enhancements, which amounted to four years of defendant's seven-year sentence, were a specific term of the

6

plea agreement.  Because the enhancements formed a part of the stipulated sentence, the plea agreement is unenforceable, and the trial court can no longer give approval or effect to the agreement in its current form.  (*In re Williams* (2000) 83 Cal.App.4th 936, 944 ["A plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced."].)  Moreover, the absence of the enhancements deprives the prosecution of a material benefit of the plea agreement.  As a result of the retroactive change in the law, the majority of defendant's agreed-upon sentence is now unlawful.  Defendant's proposed remedy--to strike the enhancements but require the parties to be bound to the other terms of the plea agreement--is untenable; it would bind the court to an agreement it did not approve in the initial instance and would change material terms upon which the prosecution relied when entering into the agreement.  Thus, the parties should be allowed to withdraw their assent to the plea agreement and renegotiate a new settlement.  (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1361-1362; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1159 ["[T]he parties' plea agreement is unenforceable and the trial court cannot approve of the agreement in its current form. . . . Whether by withdrawal of its prior approval or the granting of a withdrawal/rescission request by one or both of the parties, the trial court ' " 'must restore the parties to the status quo ante.' " ' . . .  The parties may then enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges"]; *Griffin, supra,* 57 Cal.App.5th at p. 1096, citing *Barton,* at p. 1159 ["The same reasoning applies with respect to Senate Bill 136"].)

We further agree with *Griffin, supra,* 57 Cal.App.5th 1088 for the reasons stated therein, that on remand the trial court may not impose a higher sentence than that contemplated by the original plea agreement, here seven years in prison, should the parties reach a new agreement.  We will remand this matter to the trial court with directions to strike the prior prison term enhancements and to allow the parties to negotiate the terms of the plea agreement anew.

7

The matter is remanded to the trial court with directions to strike the four one-year prior prison term enhancements under section 667.5, subdivision (b) and conduct further proceedings as necessary in accordance with this opinion.

 

 

                                                                     /s/
                                                            Duarte, J.

I concur:

 

 

       /s/
Raye, P.J.

Mauro, J., Concurring.

I concur in the result.

_____/s/_____
Mauro, J.